

**SO ORDERED.**

**SIGNED this 13 day of April, 2020.**

_David M. Warren_

**David M. Warren**
**United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:                                                    CASE NO. 19-03887-5-DMW

DERRICK ALLEN PULLIAM

                                                          CHAPTER 13

        DEBTOR

### ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN

This matter comes on to be heard upon the Chapter 13 Plan ("Plan") filed by Derrick Allen Pulliam ("Debtor") on December 23, 2019 and the Chapter 13 Trustee's Objection to Confirmation ("Objection") filed by John F. Logan, Esq. ("Trustee"), Chapter 13 trustee, on December 31, 2019. The court conducted a hearing in Raleigh, North Carolina on January 8, 2020.  Travis Sasser, Esq. appeared for the Debtor, and Michael B. Burnett, Esq. appeared for the Trustee.  Based upon the pleadings, the arguments of counsel and the case record, the court makes the following findings of fact and conclusions of law:

1.      This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334.  The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2.      The Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code on August 23, 2019 ("Petition Date").  The court appointed the Trustee to fulfill the duties as provided in 11 U.S.C. § 1302.

3.      The Debtor owns real property ("Property") located at 4507 Coral Drive in Durham, North Carolina as his residence.  The Debtor asserts the Property had a value of $178,254.00 on the Petition Date.  The Property is encumbered by the following liens:

a.      A first priority lien in favor of Carrington Mortgage Services, LLC with a balance of $121,359.65 on the Petition Date;

b.      A second priority lien in favor of the United Stated Department of Housing and Urban Development with a balance of $47,013.70 on the Petition Date; and

c.      A third priority lien in favor of the North Carolina Housing Finance Agency with a balance of $15,501.65 on the Petition Date.

The liens against the Property had a total balance of $183,875.00 on the Petition Date, and the sum of those liens exceeds the asserted value of the Property.

4.      On Schedule C-1 filed with the court, the Debtor claimed an exemption in the amount of $30,000.00 in the Property pursuant to N.C. Gen. Stat. § 1C-1601(a)(1), and no party in interest objected timely to that claim of exemption. *See* Fed. R. Bankr. P. 4003(b).  In Section 8.1 of the Plan, the Debtor included a provision ("Nonstandard Provision") asserting that "[b]ecause the Debtor's residence located at 4507 Coral Drive in Durham, NC is exempt, no Motion to Sell pursuant to EDNC LBR 4002-1(g)(4) shall be required should he sell the home during the pendency of this case."

5.      Local Rule 4002-1(g)(4) states that "[a]fter the filing of the petition and until the plan is completed, [a Chapter 13] debtor shall not dispose of any non-exempt property having a

2

fair market value of more than $10,000 by sale or otherwise without prior approval of the trustee and an order of the court." E.D.N.C. LBR 4002-1(g)(4). The Debtor argues that the Property is not "non-exempt property" governed by Local Rule 4002-1(g)(4), because the Property is fully encumbered, and the Debtor has claimed an exemption of $30,000.00 in any equity the Property.

6.    The Trustee asserts in the Objection that "[i]t is unclear whether a chapter 13 debtor's claim of an exemption in an asset, which does not exempt the entirety of the value of the asset, removes that asset from the bankruptcy estate and renders inapplicable certain local rules."

7.    To evaluate the Objection, it is helpful to review the process through which a debtor claims an exemption. First, pursuant to 11 U.S.C. § 541(a)(1),[1] a debtor's interest in property becomes property of the estate when a debtor files a petition. Section 522(b) states that "[n]otwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection." 11 U.S.C. § 522(b)(1). Section 522(b)(2) states that "[p]roperty listed in this paragraph is property that is specified under subsection (d), unless the State law that is applicable to the debtor . . . specifically does not so authorize." 11 U.S.C. § 522(b)(2). North Carolina is an "opt-out" state, and the exemptions listed in N.C. Gen. Stat. § 1C-1601 are applicable to North Carolina debtors. *See* N.C. Gen. Stat. § 1C-1601(f) (2013).

8.    The Debtor is entitled to claim as exempt from the enforcement of the claims of creditors his "aggregate interest, not to exceed thirty-five thousand dollars ($35,000) in value," in the Property. N.C. Gen. Stat. § 1C-1601(a)(1) (2013). The question for the court to decide is

---

[1] Section 541(a)(1) states that "[t]he commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Section 541(a)(1) references certain exceptions to this general rule which are not applicable to this case.

whether the Property became "exempt," as asserted by the Debtor, when the Debtor claimed an exemption in the amount of $30,000.00 in the Property, removing any future sale of the Property from the purview of Local Rule 4002-1(g)(4).[2]  More specifically, whether it is the Property or the Debtor's *interest* in the Property.

9.    The case of *Reeves v. Callaway*, 546 Fed. Appx. 235 (4th Cir. 2013), is instructive. The *Reeves* case stemmed from a Chapter 7 case filed in this district.  The debtors owned over-encumbered real property as their residence.  The debtors claimed an exemption of $60,000.00 in the property pursuant to N.C. Gen. Stat. § 1C-1601(a)(1), and Judge Stephani W. Humrickhouse found that notwithstanding the absence of equity in the residence, the debtors were "entitled to assert and reserve their available exemptions in the [p]roperty pursuant to Section 522(b) and (c) of the Bankruptcy Code and N.C.G.S. Section 1C-1601(a)(1) and (2)." *In re Reeves*, No. 10-02562-8-SWH, slip op. at 2 (Bankr. E.D.N.C. July 23, 2010).  The Chapter 7 trustee subsequently moved for authority to sell the debtors' residence.  The debtors asserted that by reserving their claimed exemption in the property, the debtors had removed the property in its entirety from the bankruptcy estate, and the trustee had no authority to sell the property.  Judge Humrickhouse overruled the debtors' objection, finding that "the effect of allowance of the debtors' exemptions in the [p]roperty was to exempt their *interest* in the [p]roperty from the estate, not the [p]roperty itself." *In re Reeves*, No. 10-02562-8-SWH, 2011 Bankr. LEXIS 875, at *5 (Bankr. E.D.N.C. Mar. 8, 2011) (citing *Schwab v. Reilly*, 560 U.S. 770 (2010)).  The debtors appealed, and the United States District Court for the Eastern District of North Carolina affirmed Judge Humrickhouse's opinion.

---

[2] As noted *supra*, Local Bankruptcy Rule 4002-1(g)(4) states that "[a]fter the filing of the petition and until the plan is completed, the debtor shall not dispose of any non-exempt property having a fair market value of more than $10,000 by sale or otherwise without prior approval of the trustee and an order of the court." E.D.N.C. LBR 4002-1(g)(4).

4

*See Reeves v. Callaway*, 2012 U.S. Dist. LEXIS 189722 (E.D.N.C. Aug. 14, 2012).  The debtors again appealed.

10.     The Fourth Circuit Court of Appeals affirmed the District Court, finding that "[t]he fatal flaw in [d]ebtors' position is that it ignores the distinction between exempting an asset itself from the bankruptcy estate and exempting an interest in such asset from the bankruptcy estate." *Reeves*, 546 Fed. Appx. at 239.  The *Reeves* court quoted *Schwab v. Reilly*, 560 U.S. 770 (2010) in its decision.  In *Schwab*, the United States Supreme Court held that

> [w]here a debtor . . . exempt[s] nothing more than an interest worth a specified dollar amount in an asset that is not subject to an unlimited or in-kind exemption under the [Bankruptcy] Code, . . . title to the asset will remain with the estate pursuant to § 541, and the debtor will be guaranteed a payment in the dollar amount of the exemption [if the property is sold].

560 U.S. at 792.  The *Reeves* court concluded that "[u]nder the clear teachings of *Schwab*, because Debtors' Residence is not subject to an unlimited or in-kind exemption, title to Debtors' Residence remained with the bankruptcy estate pursuant to 11 U.S.C. § 541." 546 Fed. Appx. at 241; *see also In re Feinstein Family Pshp.*, 247 B.R. 502, 507 (Bankr. M.D. Fla. 2000) ("[F]ully encumbered property is still property of the estate until it is either abandoned by the trustee pursuant to Section 554(a) or released upon stay relief and sold by the secured creditor . . . .").

11.     Although this case is a Chapter 13 case, the outcome remains the same.  When the Debtor claimed an exemption in the Property on Schedule C-1, he did not exempt the Property in its entirety, and he did not remove the Property from the bankruptcy estate.  He exempted his *interest* in the Property. Local Rule 4002-1(g)(4) governing the sale of "non-exempt" property remains applicable to any future sale of the Property, despite the Debtor's attempt to circumvent the Rule by including the Nonstandard Provision in Section 8.1 of the Plan.

12.     The inclusion of the Nonstandard Provision is one of a series of similar attempts to create benefits for debtors when none exists by statute or common law.  A similar unsuccessful and meritless attempt was feebly made in *In re Sherrell*, Case Number 19-05254-5-SWH.  In that case the debtor, represented by Mr. Sasser, sought to include a nonstandard provision as follows:

> The residential real property located at 4014 Sudbury Road in Durham, NC is exempt and therefore the debtor shall have no duty to file a Motion to Sell pursuant to EDNC LBR 4002-1(g)(4).

*See In re Sherrell*, No. 19-05254-5-SWH, slip op. at 8 (Bankr. E.D.N.C. Mar. 13, 2020).

13.     The court in *Sherrell* also clarified the difference between exempting property and exempting an interest in property. *Id.* at 9.  *Sherrell* similarly involved a hypothetical sale of property in which the debtor had claimed an interest. The Debtor in this case proposes a "what if" scenario that does not equate to a probable or likely action to occur during the pendency of the Debtor's plan.  *Sherrell* appropriately stated that

> The court cannot rule on whether provisions inapplicable to the debtor's case are consistent with the Code or not because the court cannot issue advisory opinions. Allowing irrelevant provisions in chapter 13 plans would lead to unnecessary litigation at the time of confirmation because parties would be required to object to this provision at the time of confirmation to avoid being bound by it.

*Id.* (citations omitted).

14.     The Debtor also asserts that the dollar amount in Local Rule 4002-1(g)(4) ("the debtor shall not dispose of any non-exempt property having a fair market value of more than $10,000 . . . ") is rendered meaningless, because it subjects the sale of virtually any real property to the Local Rule, unless additional meaning is given to the "non-exempt" language of the Local Rule by attributing that language only to the proceeds of the sale.  On the contrary, debtors occasionally include on their schedules of assets unimproved real property worth less than $10,000.00, and the Local Rule would not require approval by the trustee or an order of the court

6

before a debtor could sell that property, even if that property were not claimed as exempt. The Debtor's interpretation of Local Rule 4002-1(g)(4) ignores its plain language, and the Debtor cannot escape the Rule by asserting that a hypothetical and imaginary sale of the Property would not result in any non-exempt proceeds.

15.     Pursuant to 11 U.S.C. §§ 1325(a)(1) and (a)(3), "the court shall confirm a plan if . . . the plan complies with the provisions of this chapter and with the other applicable provisions of this title [11 of the United States Code]" and if "the plan has been proposed in good faith and not by any means forbidden by law." The Nonstandard Provision is at odds with 11 U.S.C. § 522(b) and, in turn, N.C. Gen. Stat. § 1C-1601(a)(1). The court also finds that the Plan has not been proposed in good faith, because it seeks impermissibly to deem property fully exempt from the Debtor's bankruptcy estate through the use of the Nonstandard Provision. Confirmation of the Plan should be denied; now therefore,

It is ORDERED, ADJUDGED and DECREED that confirmation of the Debtor's Chapter 13 Plan filed on December 23, 2019 be, and hereby is, denied.

END OF DOCUMENT